# CIRCUIT COURT OF BALTIMORE CITY.

Filed September 29, 1928.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA
VS.
ANNIE BRANCH.

*Armstrong, Machen & Allen* for Indemnity Insurance Company of North America.

*Roszel C. Thomsen* for Annie Branch.

O'DUNNE, J.—

The matter being submitted in open Court this 29th day of September, 1928, upon the pleadings and upon the statement of counsel for the respective sides, who have been fully heard, leave upon my mind this impression:

That the most important question at issue in this case, outside of technical questions of pleadings and construction of statutes and rights of jury trial, with which I am not concerned, is whether the person through whom the claimant would be entitled to compensation is alive or dead. The award of the Compensation Commission has proceeded on the theory that the said William Branch is dead. Appeal is prosecuted from that award on testimony tending to establish the falsity of the claimant's death, and the appellants contending that they will produce evidence tending to prove the present live state of William Branch. If the Speedy Judgment suit is permitted to proceed without restraint, the situation may be presented resulting in the obtention of a judgment on the present award of the Accident Commission, the appeal from whose award is shortly to be heard in Harford County, at Belair. This may be reversed. If the judgment is not superseded or restrained, defendants might be in a position of having paid the alleged widow the amount involved, which is in the neighborhood of approximately eight or nine hundred dollars up to this time, and that in the event of reversal of award on appeal in Harford County, they would be relegated to a mere fictitious remedy of suing an impecunious colored woman with no probability of responding to restitution.

Wherefore, this Court is of the opinion that the interest of justice will be subserved (in the present application to the conscience of the Court) by restraining the present further prosecution of the speedy judgment proceeding until the determination of the appeal pending in the Circuit Court for Harford County.

Wherefore, this Court will issue the injunction pending the determination of said appeal, provided the defendants in the speedy judgment proceeding, to wit, the insurance company, will pay into this Court in these proceedings the full sum in controversy in the speedy judgment suit, as evidenced by the affidavit thereto, with accrued interest to date, subject to the further order of this Court, the same to abide the final determination of the appeal now pending in the Circuit Court for Harford County from the award passed by the State Accident Commission.

Done this 29th day of September, 1928.